**FILED**

Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Savannah, Georgia
*By ccovingt at 3:23 pm, Sep 04, 2014*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Brunswick Division

| | | |
|---|---|---|
| IN RE: JANNIE EVERETTE | ) | CHAPTER 13 CASE |
| | ) | NUMBER <u>10-20842</u> |
|     Debtor | ) | |
| | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |
| JANNIE EVERETTE | ) | |
| | ) | |
|     Plaintiff | ) | ADVERSARY PROCEEDING |
| | ) | NUMBER <u>14-02003</u> |
| v. | ) | |
| | ) | |
| OCWEN LOAN SERVICING LLC and | ) | |
| DEUTSCHE BANK NATIONAL | ) | |
| TRUST COMPANY N.A. | ) | |
| | ) | |
|     Defendants | ) | |

**OPINION AND ORDER**
**SUSTAINING DEFENSES AND GRANTING LEAVE TO AMEND**

Plaintiff Jannie Everette, proceeding pro se, prays in her Complaint for a declaratory judgment that the debt she owes on her former home will be discharged in her underlying chapter 13 case and for "sanctions" (Compl. ¶ 14, ECF No. 1) against the Defendants for violating the automatic stay under 11 U.S.C. § 362.

Before me now are the following two issues raised in affirmative defenses by Ocwen Loan Servicing LLC ("Ocwen") and Deutsche Bank National Trust Company N.A. ("Deutsche Bank") in their jointly filed Answer:

- whether the Complaint fails to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure;[1] and

- whether the Defendants were properly served, implicating Rules 12(b)(2) and (b)(5).

Because neither Defendant was properly served, the defenses under Rules 12(b)(2) and (b)(5) are sustained. And because the Complaint fails to state a claim against either Defendant for violation of the automatic stay, the defense under Rule 12(b)(6) is sustained as well.[2]

But rather than face dismissal of this adversary proceeding, Everette is granted leave to amend the Complaint to plead factual allegations sufficient to state a plausible claim for relief under 11 U.S.C. § 362(k) against either or both of the Defendants. Then, upon the filing of an amended Complaint, summons will be reissued. Everette may then attempt proper service of the reissued summons and the amended Complaint.

---

[1] Rule 12(b) of the Federal Rules of Civil Procedure ("Rules") is made applicable in bankruptcy by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

[2] The Answer asserts that "[a]ll of the claims in the Complaint fail to state a plausible claim." (ECF No. 7 at 5.) At hearing, however, the only challenge was to Everette's entitlement to relief for violations of the automatic stay. The Rule 12(b)(6) defense is thus considered limited to that count.

### FINDINGS OF FACT

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To meet the pleading standard under Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (internal quotation marks omitted)). The factual allegations need not be detailed, but must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" such that the court can reasonably infer that the defendant is liable for the unlawful conduct alleged. Id.

In the two-step process set out in Ashcroft v. Iqbal, the court begins by identifying pleadings that are conclusory and thus "not entitled to the assumption of truth." Id. at 679. The court then assumes the veracity of any remaining well-pleaded factual allegations and determines whether they "plausibly give rise to an entitlement to relief." Id.

Here, the Complaint sufficiently pleads the following factual allegations, which are therefore taken as true:

On October 18, 2009, eight months before Everette filed this bankruptcy case, Everette's mortgage creditor, Litton Loan Servicing LLC ("Litton"), took physical possession of the residential real property at 5309 Broadwater Court, Temple Hills,

Maryland ("the Property"). By the actions of its contractor in changing the locks, draining the water system, and filling the pipes with antifreeze, Litton made the house unlivable. Notwithstanding, Litton continued attempting to collect mortgage payments from Everette. [3]

On June 30, 2010, Everette—by now living in Brunswick, Georgia—filed her bankruptcy case. Litton and Deutsche Bank had notice of the case.

On September 10, 2010, Deutsche Bank filed an Amended Motion for Relief from the Automatic Stay. [4] The motion stated that Deutsche Bank had foreclosed on the Property prepetition, on March 17, 2010 (five months after Litton took physical possession), and now sought relief from the stay to commence a dispossessory proceeding. An order granting stay relief, to which Everette consented through counsel, was filed October 20, 2010.

Nine days after entry of the consent order, Deutsche Bank sent Everette a copy of a Motion to Withdraw and Dismiss the foreclosure, which it mailed to the Property address. The motion was granted by order of the Circuit Court for Prince George's County, Maryland, on November 13, 2010. Deutsche Bank mailed

---

[3] Litton is not a Defendant in this adversary proceeding. The caption of the Complaint reads "Ocwen Loan Servicing LLC (formerly Litton Loan Servicing)."

[4] The Motion was brought by "Deutsche Bank National Trust Company as Trustee Under the Pooling and Servicing Agreement Dated as of February 1, 2007, GSAMP Trust 2007-FM2."

AO 72A

(Rev. 8/82)

Everette a copy of this order as well, again to the Property address.[5]

Meanwhile, Litton continued sending Billing Statements. Between November 2010 and May 2011, Everette received at least five Billing Statements to the Property address.

In May 2013, Everette was paid $1300 as a result of an agreement between Litton and federal banking regulators in connection with an enforcement action related to Litton's mortgage servicing and foreclosure processes.

Either Litton was acquired by Ocwen in September 2011 (Compl. ¶ 10, ECF No. 1) or the loan servicing rights were transferred to Ocwen in November 2011 (Ex. E2, ECF No. 1 at 51). In either event, when Ocwen began managing the loan, the collection attempts escalated.

Each month from January 2013 through January 2014, Ocwen mailed a Mortgage Account Statement to Everette's address in Georgia. As of January 2014, Everette owed a past-due amount of $168,588.17 for a total balance of $493,588.17.

Between October 2012 and January 2014, Ocwen also sent Everette notices that it had renewed the lender-placed hazard

---

[5] The Complaint includes one more allegation against Deutsche Bank: that it is not a creditor. (Compl. ¶ 11, ECF No. 1.) This allegation, even if well-pleaded, would not plausibly give rise to an entitlement to relief under the Rule 12(b)(6) standard, because Everette acknowledged Deutsche Bank as a creditor when she consented to the order granting stay relief. See Reynolds v. G.M. Roberts, 202 F.3d 1303, 1312 (11th Cir. 2000) ("[A] consent decree is a form of contract.")

insurance on the property and that she would be responsible for the cost of the premiums.

On May 22, 2013, Ocwen sent Everette a letter stating that the foreclosure process had begun, but that she might still have foreclosure prevention options available.

On June 19, 2013, a law firm representing Ocwen sent Everette a letter stating that $461,141.57 was required to pay her note in full; a Notice of Intent to Foreclose was dated June 20, 2013.

On July 10, 2013, Everette sent certified letters to Ocwen and to the law firm representing Ocwen, telling them she disputed the debt and asking them to stop their collection efforts and to not contact her any further.

On September 20, 2013, Ocwen sent Everette a letter stating that its review of the note indicated the loan was valid and that Everette was responsible for satisfying the debt.

On October 23, 2013, Ocwen sent Everette a letter announcing she had been assigned a "Relationship Manager" to work with her on identifying her best options. On October 30, 2013, Ocwen sent Everette a letter describing alternatives to foreclosure.

At hearing on the affirmative defenses, I allowed Everette the chance to clarify what relief she sought and why she

believed she was entitled to it.[6] Everette said she has made all payments required under her chapter 13 plan and wants to know for certain now, before entry of the discharge, that she will come out of bankruptcy not owing the Defendants any money. She also wants the Defendants to pay damages.[7]

According to defense counsel, the Property had not been foreclosed on as of the date of the hearing.

## CONCLUSIONS OF LAW

### I.
### The Complaint Fails to State a Claim Under 11 U.S.C. § 362(k).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." Hughes v. Rowe, 449 U.S. 5, 10 n.7 (1980) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal quotation marks omitted)). Courts may not, however, "act as de facto counsel or rewrite an otherwise deficient pleading in order to sustain an action." Porter v. Duval Cnty. Sch. Bd., 406 F. App'x 460, 462 (11th Cir. 2010) (quoting GJR Invs., Inc. v. Cnty.

---

[6] In addition to § 362 and the request for declaratory relief, the Complaint references Rule 9011 of the Federal Rules of Bankruptcy Procedure. (ECF No. 1 ¶ 14.) But sanctions under Rule 11 are available only on motion or on the court's initiative. Fed. R. Bankr. P. 9011(c)(1)(A)-(B). Accordingly, I do not consider Rule 11 here.

[7] In this Opinion and Order, "damages" refers to the legal remedy for an injury, not the injury itself. See Eskanos & Adler, P.C. v. Roman (In re Roman), 283 B.R. 1, 8 n.8 (B.A.P. 9th Cir. 2002) ("Courts sometimes use the term 'damages' interchangeably to mean either the harm or loss suffered by the debtor or the legal remedy for that loss.").

AO 72A
(Rev. 8/82)

of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) (internal quotation marks omitted)).

"[A]n individual injured by any willful violation of a stay provided by this section [362] shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1). An actionable stay violation thus includes the following elements: "a showing (1) by an individual debtor of (2) injury from (3) a willful (4) violation of the stay." Fernandez v. GE Capital Mortg. Servs, Inc. (In re Fernandez), 227 B.R. 174, 180 (B.A.P. 9th Cir. 1998), aff'd mem., 208 F.3d 220 (9th Cir. 2000).

Here, even under a lenient standard, the Complaint fails to plead facts sufficient to allege a stay violation against either Defendant. It does not fail on every element, however, as shall be seen.

## A. The Complaint Fails to Allege Any Actions by Deutsche Bank in Violation of the Stay.

At hearing, counsel for Ocwen argued that most of the allegations in the Complaint allege improper actions by Litton. According to the Defendants, Ocwen did not acquire Litton. (Answer ¶ 10, ECF No. 7.)

Whether the Complaint alleges improper actions by a nonparty is immaterial, however. The question under Rule 12(b)(6) is whether the Complaint alleges improper actions by the named Defendants. The answer is yes only as to Ocwen.

The Complaint does not allege any actions by Deutsche Bank in violation of the automatic stay. At the hearing, Everette was nevertheless adamant that Deutsche Bank was involved in wrongdoing: Deutsche Bank filed the foreclosure action in Maryland, sought stay relief in the bankruptcy case, and continues to file papers in both courts "where they're not telling the complete truth." (Hr'g on Defs.' Affirmative Defenses, July 10, 2014.) None of these allegations, however, implicate § 362.

## B. The Complaint Fails to Plead Any Injury.

Neither in the Complaint nor at the hearing did Everette identify any injury caused by the alleged stay violations. "The key to an award of damages . . . is not the willful violation of the automatic stay, but the resulting injury." In re Perrin, 361 B.R. 853, 856 (B.A.P. 6th Cir. 2007). Without injury, there can be no damages. Gordon v. United States (In re Sissine), 432 B.R. 870, 885 (Bankr. N.D. Ga. 2010) ("Actual damages are available only upon a showing that an individual suffered an injury.").

A debtor is "injured" under § 362(k)(1) even if the only harm suffered is the attorneys' fees required to enforce the stay. Singley v. Am. Gen. Fin. (In re Singley), 233 B.R. 170, 174 (Bankr. S.D. Ga. 1999). An award of attorneys' fees is available only to debtors who pay an attorney, however. See In re Hedetneimi, 297 B.R. 837, 843 (Bankr. M.D. Fla. 2003) ("Because Debtor is represented pro bono through Central Florida Legal Services and is thus not responsible for payment of attorney's fees, she is not entitled to an award thereof."); cf. Massengale v. Ray, 267 F.3d 1298, 1302 (11th Cir. 2001) (Pro se litigants cannot be awarded attorneys' fees under Rule 11 "because a party proceeding pro se cannot have incurred attorneys' fees.").

Injuries may include emotional distress. Lodge v. Kondaur Capital Corp., 750 F.3d 1263, 1271 (11th Cir. 2014). To be compensable, the emotional distress must be (1) significant, (2) clearly established, and (3) causally connected to the stay violation. Id.

Any financial loss, no matter how small, may be compensable as an injury under § 362(k)(1). A debtor was awarded $55 for late fees incurred on bills the debtor was unable to pay because a creditor refused to release a garnishment in violation of the stay. Roche v. Pep Boys, Inc. (In re Roche), Adv. No. 05-09040, 2006 WL 6592059, at *3-4 (Bankr. N.D. Ga. May 17, 2006). A debtor was awarded $5 in travel expenses incurred when she drove

AO 72A
(Rev. 8/82)

to her attorney's office to retain counsel to defend against a lawsuit that violated the stay. Eskanos & Adler, P.C. v. Roman (In re Roman), 283 B.R. 1, 6 (B.A.P. 9th Cir. 2002). The creditor challenged the award on appeal, arguing that the debtor could have made a phone call instead. The appeals court, however, was unmoved: "As the offending creditor, Appellant can neither dictate nor second-guess how Debtor should have protected her rights when she was forced to defend herself against its wrongful conduct." Id. at 9.

Finally, punitive damages may be awarded if circumstances warrant. "[P]unitive damages are awarded in response to particularly egregious conduct for both punitive and deterrent purposes." Frankel v. Strayer (In re Frankel), 391 B.R. 266, 275 (Bankr. M.D. Pa. 2008) (internal quotation marks omitted). Even a minor stay violation, if it is persistent, may support an award of punitive damages. Beasley v. Sea Island Bank (In re Beasley), Adv. No. 05-6055, 2006 WL 6902311, at *2 (Bankr. S.D. Ga. 2006).

Here, because the Complaint does not plead facts describing any injury whatsoever, the Complaint does not plead a cause of action against either Defendant under § 362(k). Injury is the only element missing as to Ocwen, however.

## C. The Complaint Sufficiently Pleads Willful Violations by Ocwen.

At hearing, Ocwen arged that as a matter of law, the statements Everette received from Ocwen did not violate the stay, because the statements were not an attempt to collect a debt. According to the Defendants, the statements included a disclaimer that if the recipient was in a bankruptcy case, the statement was provided only for informational purposes. (Answer, Nineteenth Defense, ECF No. 7 at 8.)

The Defendants are correct that "statements simply providing information to a debtor are permissible communications that do not run afoul of the stay." Zotow v. Johnson (In re Zotow), 432 B.R. 252, 258 (B.A.P. 9th Cir. 2010). They are mistaken, however, that such a determination can be made at this juncture. Everette has alleged many and varied written communications from Ocwen—some, all, or none of which may be permissible. "Whether a communication is a permissible or prohibited one is a fact-driven inquiry which makes any bright line test unworkable." Id.

As to the element of willfulness, "all that is required is that an entity engage in a deliberate act to violate a stay with the knowledge that the debtor has filed for bankruptcy." United States v. Washington (In re Washington), 184 B.R. 172, 174 (S.D. Ga. 1995). Here, the letters were addressed personally to Everette, showing that they were deliberately sent. And the

Complaint alleges that "Respondents" had notice of the bankruptcy filing, thereby pleading Ocwen's knowledge. (Compl. ¶ 3-4, ECF No. 1.) The Complaint thus adequately pleads the willfulness of the violations alleged against Ocwen.

### D. Everette May Amend the Complaint.

Before dismissing a complaint with prejudice because of a pleading defect, a court ordinarily must give the plaintiff one chance to cure the defect by amending the complaint, unless amendment would be futile. Stevens v. Premier Cruises, Inc., 215 F.3d 1237, 1239 (11th Cir. 2000). Here, the defects are potentially curable. Everette is thus granted leave to amend.

### II.
### The Summons and Complaint Were Not Properly Served.

In addition to failure to state a claim under Rule 12(b)(6), the Defendants assert lack of personal jurisdiction under Rule 12(b)(2) and insufficient service of process under Rule 12(b)(5). The Defendants argue they were not served with the summons and the Complaint. According to Everette's certificate of service, the Defendants are correct.

Service on a corporation may be made "by mailing [first class, postage prepaid] a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to

any other agent authorized by appointment or by law to receive service of process." Fed. R. Bankr. P. 7004(b)(3). Service on an "insured depository institution . . . shall be made by certified mail addressed to an officer of the institution" unless certain exceptions apply. Fed. R. Bankr. P. 7004(h).

I do not reach the question of whether the Defendants should have been served as corporations or as insured depository institutions, because Everette's attempts fall short under either standard. Everette served three law firms by first class mail. At hearing, defense counsel stated that the law firms are not registered agents for either Defendant. Everette also served by first class mail the "Corporate Secretary – Attn: William C. Erbey, Executive Chairman" of Ocwen Financial Corporation. But Everette is not suing Ocwen Financial Corporation; she is suing Ocwen Loan Servicing LLC—a different corporate entity. Everette thus did not serve either of the Defendants.

Lack of personal jurisdiction under Rule 12(b)(2) and insufficient service of process under Rule 12(b)(5) are "closely interrelated" questions. 5B Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 1353 (3d ed. 2004). "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." Pardazi v. Cullman Med. Ctr., 896

F.2d 1313, 1317 (11th Cir. 1990). Accordingly, both defenses are sustained here.

**ORDER**

**IT IS THEREFORE ORDERED** that the Defendants' affirmative defenses under Rule 12(b)(6), (b)(5), and (b)(2) are **SUSTAINED;** and

**FURTHER ORDERED** that Everette may file an amended Complaint no later than 30 days after entry of this Order.

JOHN S. DALIS
United States Bankruptcy Judge

Dated at Brunswick, Georgia,
this 4 day of September, 2014.